**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| **GEORGIA L. GILCHRIST,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | Case No.: RWT 09cv415 |
| v. | * | |
| | * | |
| **RAMAN BAKSHI** and | * | |
| **U.S. HOUSING AND URBAN** | * | |
| **DEVELOPMENT,** | * | |
| | * | |
| Defendants. | * | |
| | * | |
| | *** | |

## MEMORANDUM OPINION

Plaintiff Georgia L. Gilchrist filed a Complaint, alleging that she suffered damages when she moved into a property that was not in compliance with federal housing quality standards. See Compl. 1–2. Pending before the Court is a Motion To Dismiss filed by Defendant United States Department of Housing and Urban Development ("HUD"). See Paper No. 9. Because there is no private cause of action against HUD for violations of housing quality standards, the Court shall grant Defendant's Motion To Dismiss by a separate order.

## BACKGROUND & PROCEDURAL HISTORY

In her Complaint, Plaintiff alleges that the "Cond 2801 #105" property that she leased was not "up to housing quality code HQS [housing quality standards] under the HUD program." See Compl. 1–2. According to the Complaint, the property had drafty windows, a faulty fireplace, toilets and sinks that backed up, and a faulty H-VAC system. Id. at 2. Plaintiff also alleges that she was illegally evicted on January 23, 2009. Id. Plaintiff seeks $9 million in damages, return of the security deposit made for the unit, an injunction ordering the builders to

come in and correct the problem free of charge, and investigation into alleged corruption. Id. at 3.

HUD moves to dismiss Plaintiff's Complaint because it does not set forth sufficient facts to give adequate notice of the nature of the claims against HUD or to establish subject matter jurisdiction. See HUD's Mot. 2. HUD also argues that Plaintiff's Complaint should be dismissed because there is no private right of action against HUD for violations of Housing Quality Standards. See id. at 5.

In her Opposition, Plaintiff identifies the address of the property-at-issue as 2801 Forest Run Dr. #105 Forestville, Maryland 20743. See Pl's Opp'n 1. She also explains her allegations against HUD as follows: "The owner[s] fail[ed] to maintain their property in accordance with the HQS, and the PHA [public housing agency] is obligated to take action to enforce owner obligations. The regulations specify that the PHA must not make any housing assistance payment for a dwelling unit that fails to meet the HQS." Id. at 3. She also states several times that HUD should have provided her with another housing voucher. See id. at 4.

## ANALYSIS

A motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In reviewing the sufficiency of the complaint, the Court must consider all well-pled allegations in a complaint as true, see Albright v. Oliver, 510 U.S. 266, 268 (1994), and must construe factual allegations in the light most favorable to the plaintiff, see Lambeth v. Bd. of Comm'rs of Davidson County,

407 F.3d 266, 268 (4th Cir. 2005). "[D]etermining whether a complaint states on its face a plausible claim for relief and therefore can survive a Rule 12(b)(6) motion will be a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Francis v. Giacomelli, No. 08-1908, 2009 WL 4348830, at *5 (4th Cir. Dec. 2, 2009) (quoting Iqbal, 129 S. Ct. at 1950)).

Plaintiff's Complaint suffers from a variety of deficiencies. It lacks information regarding the address, ownership, or management of the property at issue, and HUD's involvement, if any, with the property. Plaintiff's Opposition provides an address for the property, but omits a description of the relationship between HUD and the property. Because Plaintiff argues in her Opposition that HUD has failed to enforce the housing quality standards, and because the federal housing quality standards are relevant only to "Section 8" housing, the Court assumes that the Forestville property leased by Plaintiff is Section 8 housing.

Pursuant to the Housing Act of 1937, Congress enacted Section 8 programs to aid low-income families in obtaining decent affordable housing. See 42 U.S.C. § 1437f(a). The main Section 8 program is the HUD Housing Choice Voucher Program ("Voucher Program"), whereby HUD pays rental subsidies on behalf of eligible families. See id. § 1437f(o); see also 24 C.F.R. § 982.1(a)(1). The Voucher Program is administered by state or local governmental entities called public housing agencies ("PHAs"). See 42 U.S.C. § 1437f(o); 24 C.F.R. § 982.1(a)(1). A voucher may be either "tenant-based"—where the tenant is free to choose a dwelling unit—or "project-based"—where its use is limited to particular dwelling units.[1] See 42 U.S.C. § 1437f(o)(2); 24 C.F.R. § 982.1(b)(1).

---

[1] Whether the Section 8 assistance in this case is tenant-based or project-based does not matter here because, as discussed supra, the housing quality standards are the same for both programs, and because the regulations pertaining to both programs foreclose private rights of action.

Housing that is leased with Section 8 assistance must comply with HUD prescribed housing quality standards ("HQS"). See 42 U.S.C. § 1437f(o)(8); 24 C.F.R. § 982.401. The owner of the unit is obligated to maintain the unit in accordance with the HQS. See 24 C.F.R. § 982.404(a)(1). If an owner fails to maintain a unit in accordance with the HQS, the PHA is obligated to take action to enforce owner obligations. See id. § 982.404(a)(2). The remedies available to a PHA include termination, suspension, or reduction of housing assistance payments and termination of the contract. See id. The PHA is not to make any housing assistance payments for a dwelling unit that fails to meet the HQS. Id. § 982.404(a)(3).

Reading Plaintiff's Complaint liberally, the Court believes Plaintiff is trying to assert a cause of action under the Housing Act of 1937, 42 U.S.C. § 1437f. Plaintiff seemingly contends that HUD violated 24 C.F.R. § 982.404 by failing to take action to enforce her landlord's obligations and by continuing to make housing assistance payments for a dwelling unit that fails to meet the HQS. This cause of action, however, is not available to Plaintiff.

The Fourth Circuit has held that no private right of action arises under 42 U.S.C. § 1437f, and that tenants cannot sue as third-party beneficiaries of contracts between the housing authority and their landlord. See Perry v. Housing Authority of Charleston, 664 F.2d 1210, 1218 (4th Cir. 1981); id. at 1213 ("There is clearly no indication in the legislation or in its history that Congress intended to create in public housing tenants a federal right of action against their municipal landlords."); see also Kirby v. Richmond Redevelopment & Housing Auth., No. 3:04cv791, 2005 WL 5864797, at *8 (E.D. Va. Sept. 28, 2005) (agreeing "with other courts that have decided no private right of action exists in § 1437f"). Similarly, HUD's regulations foreclose a private right of action to enforce the HQS: "[Sections 982 and 983 of 24 C.F.R. do] not create any right of the family, or any party other than HUD or the PHA, to require

4

enforcement of the HQS requirements by HUD or the PHA or to assert any claim against HUD or the PHA, for damages, injunction, or other relief, for alleged failure to enforce the HQS." 24 C.F.R. §§ 982.406 (tenant-based assistance), 983.101(d) (project-based assistance).

Nothing before this Court demonstrates that 42 U.S.C. § 1437f creates a federal right of action in a tenant against HUD for violation of 24 C.F.R. § 982.404.  Because Plaintiff has failed to identify a cause of action against HUD for which relief could be granted, the Court will, by separate Order, grant HUD's Motion To Dismiss [Paper No. 9].


Date:  December 10, 2009

                                                 /s/
                                        ROGER W. TITUS
                          UNITED STATES DISTRICT JUDGE